**Rodney Louis STEPHENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–01061–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 2, 1992.

Randy Martin, Houston, for appellant.

John B. Holmes, Jr., Timothy G. Taft, Casey O'Brien, Houston, for appellee.

Before OLIVER–PARROT, C.J., and WILSON and COHEN, JJ.

## OPINION

COHEN, Justice.

Appellant pled guilty to the offense of keeping a gambling place. TEX.PENAL CODE ANN. § 47.04 (Vernon 1989). Pursuant to a plea agreement, the trial court assessed his punishment at probation for ten years and a $5,000 fine. We affirm.

■ In his first point of error, appellant contends the evidence is insufficient because his judicial confession differed from the allegations in the indictment.

Appellant pled guilty to count one of the indictment, which alleged that:

Rodney Louis Stephens, hereafter styled the Defendant, heretofore, on or about October 1, 1989, did then and there unlawfully intentionally and knowingly use and permit another to use as a gambling place a building located at 2409 Bering Drive Apt. 20, Houston, Harris County Texas, which was under his control by receiving and controlling bets and offers to bet on sporting events, to wit: football

games over the telephone inside the foresaid premises.

Appellant judicially confessed to the identical allegations, except that the stipulation began in the first person, i.e., it stated:

... I, Rodney Louis Stephens, hereafter styled the Defendant, heretofore on or about October 1, 1989 did then and there unlawfully intentionally and knowingly use and permit another to use as a gambling place a building located at 2409 Bering Drive, Apt. 20, Houston, Harris County Texas, which was under his control....

Appellant contends that the indictment alleged that the building at 2409 Bering was under appellant's control, but that he judicially confessed in the first person, stating that the building was under "his" control, and that in the context of the confession, the word "his" refers to "another," not to appellant. Thus, he contends that the two documents are inconsistent because the indictment alleges the building was under "his" control, while the confession admits the building was under the control of "another." We disagree.

The only person named in the stipulation and judicial confession is the appellant, Rodney Louis Stephens. By naming himself and then confessing that the building on Bering Drive was under "his" control, appellant could only have been referring to himself. The stipulation may be grammatically incorrect, but the evidence is not insufficient. Appellant cites no cases that found evidence insufficient because of a purported discrepancy so minor. In *Ledesma v. State*, 677 S.W.2d 529, 531 (Tex. Crim.App.1984), guilt was a contested issue in a non jury trial on stipulated facts. The court held that the trier of fact could infer from stipulated facts that the defendant knew the person requesting her identification was a peace officer, even though the stipulation was silent on that subject. That was a more significant inference in *Ledesma*, a contested case, than we are making in this case, where guilt was not contested.

Point of error one is overruled.

■ In his second point of error, appellant contends the court erred in overruling his motion to suppress evidence because the affidavit in support of the search and arrest warrant used illegally obtained evidence to state probable cause for the warrant.

Evidence at the hearing on appellant's motion to suppress showed that district judges signed two different orders directing the telephone company to furnish police officers "the final destination of the circuit created by dialing telephone number 713–271–0075, including subscribers' telephone numbers, names and addresses" for nine specified dates and times between September 25 and October 2, 1989. Officers consequently learned that calls to that number were being automatically forwarded to another number, and then forwarded again to telephone number 975–9323, a phone listed in appellant's name and located at 2409 Bering Drive, apt. 20, in Houston. Officers already knew that a confidential informant had placed bets by calling that phone number and speaking with a white male in his 50's, who turned out to be appellant. Based on this information, a search and arrest warrant was issued for the arrest of appellant and the search of the premises at 2409 Bering. Appellant contended in the trial court that these orders directing the phone company to divulge information were unauthorized by Texas law and not supported by affidavit.[1]

Appellant does not contend that the State illegally discovered the contents of any conversations or the destination of any calls made from his phone. Thus, this case does not involve any allegedly improper seizure of communications, or stored communications, or the improper use of pen registers, trap and trace devices, or mobile tracking devices. Appellant does not contend there has been a violation of TEX.CODE CRIM. P.ANN. art. 18.20 or 18.21 (Vernon 1990). Appellant cites no statute that he contends was violated, and he cites no case concerning the State's right to acquire phone company records by court order.

■ We overrule this point of error for two reasons. First, appellant has cited no authority showing that the acquisition of the phone records was illegal. Second, appellant cites no authority showing he had a privacy interest in the phone company's records and therefore, he has no standing to complain about their acquisition. *See United States v. Miller,* 425 U.S. 435, 443, 96 S.Ct. 1619, 1624, 48 L.Ed.2d 71 (1976) (defendant had no reasonable expectation of privacy in bank records); *Pabst v. State,* 721 S.W.2d 438, 441 (Tex.App.—Houston [1st Dist.] 1986, no pet.) (individual defendant has no standing to complain of seizure of corporate records). The State may raise on appeal for the first time the contention that appellant had no standing to complain of, and no reasonable expectation of privacy in, the phone company's records. *Boyle v. State,* 820 S.W.2d 122, 141 (Tex.Crim. App.1991) (op. on reh'g); *Wilson v. State,* 692 S.W.2d 661, 671 (Tex.Crim.App.1984) (op. on reh'g).

The second point of error is overruled.

■ In his third point of error, appellant asserts the search warrant affidavit did not state probable cause because it did not show that gambling paraphernalia would be in the apartment. Appellant contends that because the affidavit makes no showing that the confidential informant called telephone number 271–0075 during the hours that calls were being forwarded to telephone number 975–9323, there was no probable cause that gambling activity was taking place at appellant's apartment.

Officer Fielder's affidavit states he received information about appellant's illegal activity and the Bering Drive address from a confidential informant and from Southwestern Bell's compliance with the district court's orders. The six-page single-spaced affidavit states the days when the informant was placing bets at phone number 271–0075 and when calls were forwarded to the Bering Drive address. The affidavit states:

1. Appellant also contended in his motion to suppress that certain Grand Jury subpoenas issued to Southwestern Bell Telephone for various records were illegal, but that contention has not been brought forward on appeal.

1) the confidential informant placed bets by calling 271–0075 and speaking with a white male named Steve, who was between 50 and 55 years old;

2) telephone number 271–0075 was being forwarded to a telephone registered at a residence shared by appellant and Norma Diamond, with evidence that appellant paid the utilities bill and listed the address as his home on his driver's license, although the telephone was listed in Diamond's name;

3) appellant's residential telephone was being forwarded to 975–9323, a phone number for the 2409 Bering Drive, # 20 address where appellant was listed as subscriber of the telephone service and where Fielder observed appellant during the day of September 30, 1989;

4) the call forwarding on phone number 271–0075 was activated at 11:00 a.m. on September 30, 1989 and the calls were forwarded to the telephone number at the 2409 Bering Drive, # 20 address where appellant arrived at 9:45 a.m. and left at 8:10 p.m.; and

5) it was between 9:45 a.m. and 8:10 p.m. on September 30, 1989 that the confidential informant called Steve at telephone number 271–0075 and placed bets.

The affidavit shows the informant called 271–0075 on the day it was being forwarded to 975–9323; therefore, the magistrate had probable cause to believe appellant was operating a gambling place in apartment 20 at 2409 Bering Drive.

The third point of error is overruled.