**Harvey VILLARREAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 315–85.**

Court of Criminal Appeals of Texas, En Banc.

April 23, 1986.

---

Andrew W. Carruthers (court-appointed), San Antonio, for appellant.

Sam D. Millsap, Jr., Dist Atty. and Linda C. Anderson, Robert C. Arellano, Charles B. Tennison and Charles Estee, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

This is an appeal from a conviction for murder. Trial was before a jury, and the court assessed punishment at life. The Fourth Court of Appeals (San Antonio) affirmed, holding, inter alia, that the State's sole eye witness, an eleven-year-old great-granddaughter of the murder victim, was not an "accomplice witness" as a matter of law or fact,[1] as she could not have been prosecuted because of her age, and that appellant had no reasonable expectation of privacy in the premises searched or the evidence seized. *Villarreal v. State*, 685 S.W.2d 449 (Tex.App.—San Antonio, 1985). We granted appellant's Petition for Discretionary Review to examine these holdings.

The record reflects that Mettie Murphy Stiefel, the deceased, and her eleven-year-old great-granddaughter, Mettie Ann ("Dolly") Dickey, resided together in a San Antonio residence. Also residing there for some two weeks prior to the murder of the deceased were appellant and Jose Mario Sanchez Barajas. Appellant did not bring any possessions into the house, nor did he pay any rent or bills. Appellant kept his clothes at his parents' house about a block from the deceased's residence. Appellant

---

1. Appellant had timely requested the issue of whether or not she was an accomplice witness as a matter of fact. This request was denied by the trial court.

slept on a couch in the living room, and also ate his meals at the residence.

According to the testimony of appellant, Barajas held himself out to be a preacher, and performed a wedding ceremony in which he, Barajas, married the deceased. Appellant acted as a witness to the ceremony.

Appellant further testified that the following night he, Barajas, Dickey and the deceased were celebrating the marriage. According to appellant, an argument erupted between the deceased and Barajas when the deceased discovered Barajas and Dickey alone together in the kitchen. Testifying for the State, Dickey stated that both appellant and Barajas attacked and killed the deceased after she had refused to give in to their demands for money.

Appellant further testified that, after this argument, Barajas told appellant that he was going to kill the deceased. Barajas then asked appellant if he would help him. Appellant testified that he said nothing. Dickey then asked appellant if he was "chicken or afraid." According to appellant, Barajas then began to beat and stab the deceased. Appellant testified that he tried to help the deceased, was unable to and fled the residence as quickly as he could. Barajas and Dickey also left the residence together.

The following day appellant made an anonymous phone call to the police and told them that there was a dead woman at that residence. Prior to the arrival of the police, appellant and an acquaintance went to the house and took a television set and a fan, which appellant later sold. Appellant never returned to the house. The officers testified that the front door was standing open. The officers also noticed blood stains on the front porch of the residence. After knocking upon the door, identifying themselves as police officers, and receiving no answer, the officers entered the residence. The officers found the residence in a shambles. Upon further investigation, the officers found the body of the deceased under a pile of clothes in a bedroom. After a more thorough search of the premises by members of a mobile crime laboratory, several items of evidence were discovered in and about the residence (i.e. several knives, articles of bloodstained clothing, the marriage license of the deceased and Barajas, fingerprints of appellant and Barajas, blood samples, and the like). At trial, these were admitted into evidence over appellant's objection. Appellant was arrested later that afternoon coming out of a grocery store.

Appellant first contends that the Court of Appeals incorrectly held that Mettie Ann Dickey was not an accomplice witness as a matter of law or fact because she was too young to be prosecuted and therefore her testimony did not need to be corroborated as required by Article 38.14, V.A.C.C.P.

■ Article 38.14, V.A.C.C.P. provides as follows:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

An "accomplice witness" is someone who has participated with another before, during or after the commission of a crime, and one is not an "accomplice witness" who cannot be prosecuted for the offense with which the accused is charged. *Harris v. State,* 645 S.W.2d 447 (Tex.Cr.App.1983); *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979); *Villarreal v. State,* 576 S.W.2d 51 (Tex.Cr.App.1978), cert. denied, 444 U.S. 885, 100 S.Ct. 176, 62 L.Ed.2d 114 (1979).

The Court of Appeals held that because Dickey was only eleven years old at the time the offense was committed, and did not fall within the age of criminal culpability, see V.A.P.C. Sec. 8.07, then she could not have been an accomplice witness. The Court of Appeals relied upon this Court's holding in *Komurke v. State,* 562 S.W.2d 230 (Tex.Cr.App.1978), *overruled on other grounds, Cooper v. State,* 631 S.W.2d 508 (Tex.Cr.App.1982) to support this conclusion. Appellant argues that the rule espoused in *Komurke,* supra, should not con-

trol because its holding was not decided pursuant to the present day Penal Code Section 8.07, supra, but was based upon Article 30, Section 1 of the former Penal Code.

Article 30 of the former Penal Code is a predecessor to what is now Penal Code section 8.07. Prior to its amendment in 1967, it stated as follows:

"No person shall be convicted of any offense committed before he was nine years old except perjury, and for that only when it shall appear by proof that he had sufficient discretion to understand the nature and obligation of an oath; *nor of any other offense committed between the age of nine and thirteen, unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense.*" (Emphasis added).

In *Slusser v. State*, 232 S.W.2d 727 (Tex. Cr.App.1950), decided pursuant to this statute, this Court held that a child over nine and under thirteen years old could possibly be an accomplice, since, under the statute, such a child was statutorily able to possess the "sufficient discretion to understand the nature and illegality of the act constituting the offense." 232 S.W.2d at 732. In other words, since the statute then allowed for a child to be prosecuted if he or she fell within the exception, then it would necessarily follow that he or she could have been an accomplice.

In 1967, Article 30 was amended to read: "Section 1. No person may be convicted of any offense, except perjury, which was committed before he was 15 years of age; and for perjury only when it appears that he had discretion sufficient to understand the nature and obligation of an oath."

In 1978, *Komurke,* supra, set forth the rule regarding a child as an accomplice witness under Article 30, as amended in 1967. This Court held that because the language of Article 30 had been amended to delete the exception to the rule that a child could not be convicted of an offense (i.e. if said child between the age of nine and thirteen possessed the "discretion sufficient to understand the nature and illegality of the act constituting the offense"), then a twelve-year-old child could not be an accomplice witness. This was based upon the fact that, under the amended statute, the child "was too young to be criminally responsible and was not an accomplice witness as a matter of law or fact, and therefore no corroboration of his testimony was required." 562 S.W.2d at 234.

In 1973, Penal Code Section 8.07 was enacted, repealing Article 30. See Acts 1973, 63rd Leg., p. 897–98, ch. 399 (effective January 1, 1974). According to V.T. C.A. Penal Code, Sec. 8.07(a), applicable to this cause,

"[a] person may not be prosecuted for or convicted of any offense that he committed when younger than 15 years of age ..." Just as its predecessor in 1967 did not provide an exception to the general rule that a child could not be criminally responsible, this statute also does not contain any such applicable exceptions.[2]

■ Dickey was eleven years old when the murder occurred. There are no exceptions to Penal Code Section 8.07 that apply to the case at bar. Following the *Komurke* analysis, Dickey was incapable, under the law, of possessing criminal culpability. Therefore, since Dickey could not have been prosecuted for the offense of murder, then it necessarily follows that she could not have been an accomplice witness. See generally, 25 Tex.Jur.3d *Criminal Law* Sec. 3443, at p. 275 (1983).

Appellant argues that Dickey could have been tried as a juvenile for delinquent conduct for her participation in the offense of murder. Assuming that a trier of fact had found that Dickey had engaged in delinquent conduct, appellant argues, "she could have been deprived of her freedom and placed in [the] Texas Youth Council until she reached her eighteenth birthday.

---

**2.** See V.A.P.C., Sec. 8.07(a)(1)–(3).

Therefore, the same reasons which precipitated the enactment of the accomplice witness rule exist whether the witness is eleven or fifteen." Appellant cites this Court's ruling in *Harris v. State*, 645 S.W.2d 447 (Tex.Cr.App.1983) for the proposition that Dickey should have been an accomplice witness as a matter of law and fact. *Harris* is distinguishable from the instant case. *Harris* involved a murder trial in which one of the participants was a fifteen-year-old girl. This Court held that the defendant was entitled to an instruction regarding whether or not the girl was an accomplice as a matter of fact, since the evidence clearly showed that the girl had been involved in the murder. 645 S.W.2d at 458. Here, however, the only evidence from the appellant that Dickey had been involved in the murder of the deceased was by her asking if appellant was "chicken or afraid" to kill the deceased. Dickey denied making that statement. She further testified that the only reason that she left with Barajas and stayed with him was because she was scared of what he might do to her if she didn't. *Harris* specifically noted this distinction by stressing that the fifteen-year-old in that case had testified that no one had forced her to remain with the defendant. 645 S.W.2d at 456–57 (comparing *Drummond v. State*, 624 S.W.2d 690 (Tex. App.—Beaumont, 1981) (a case "with facts strikingly similar to" *Harris* which involved a witness who testified that she remained with and obeyed her murderer-boyfriend out of fear.)). Thus, the rule of *Harris* regarding whether a child is an accomplice witness as a matter of fact does not apply to the case at bar. Any implication in *Harris* that the fifteen-year-old may have been an accomplice witness as a matter of law is not germane to the case at bar. In *Harris*, proceedings had already been instituted by the district attorney to have the girl certified as an adult, and this Court noted that, had the girl been indicted for murder, then she would have been an accomplice as a matter of law. 645 S.W.2d at 457 n. 27. Herein lies the distinguishing point of *Harris* from this case. The girl in *Harris* was fifteen years old, and was subject to criminal culpability. Here, Dickey was eleven years old, and therefore could not have been certified and tried for murder. See V.T.C.A., Fam.Code sec. 54.-02(a)(2). Unlike *Harris*, there is nothing in the record to show there were any type of proceedings that were to be or had already been instituted against Dickey.

Appellant argues that the rationale of Article 38.14 is to prevent a situation in which one accomplice would lie to protect himself by implicating the other. Therefore, appellant argues, this would bring Dickey into the scope of the statute since there was a possibility that she may have suffered a deprivation of liberty as a "delinquent," see Tex.Fam. Code Ann. Sec. 51.03, and would lie to protect herself. Regardless that this rationale of Article 38.14 may be applicable to both adults and juveniles under the age of criminal culpability, appellant has failed to show that the statute applies to the instant case. Dickey simply did not fall within the age of criminal culpability, and could not have been tried for the offense of murder. Therefore, she could not have been an accomplice witness. This being the case, 38.14 does not apply to her. We overrule appellant's first contention.

Appellant next argues that the Court of Appeals incorrectly held that the search and seizure were legal since appellant lacked an expectation of privacy in the premises searched and the items seized in the warrantless search of the house in which he lived with the deceased.

█ We find appellant did not have a reasonable expectation of privacy in the premises at the time of the search and seizure, because he had clearly abandoned the premises with no intention of returning. He did not own any of the objects within the house, so there were none for him to return and claim. Indeed, the record reflects by appellant's own testimony that after the murder of the deceased he quickly left the premises, returning only to steal her television and fan, which he later sold to an acquaintance. He also made an anonymous phone call in which he told the

police that there was a dead woman in the residence and for them to come and get her. Appellant made no attempt to go back to the residence and help the officers, nor did he attempt to claim any ownership or possessory interest in the house or items therein, which he admittedly did not have. It would also be specious to argue that appellant would have later returned to the premises to live, since the only paying renter of the property was the deceased. Therefore, based upon these facts, we hold that appellant had abandoned the premises and had no standing to object to the police officers' warrantless search and seizure. See *Smith v. State*, 530 S.W.2d 827, 833 (Tex.Cr.App.1975); *Cherry v. State*, 488 S.W.2d 744, 756 (Tex.Cr.App.1972), cert. denied 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199 (1973). See also 3 LaFave, Search and Seizure, A Treatise on the Fourth Amendment, Sec. 11.3, at p. 548 ("If a defendant claims standing derived from his interest in the premises searched, he will not prevail if it appears that he had abandoned the premises prior to the time the search being objected to occurred."). See also 1 LaFave & Israel, Criminal Procedure, Sec. 9.1, at p. 719 ("[U]nder the modern expectation-of-privacy approach the abandonment question must be examined in terms of reasonable expectations flowing from conduct rather than in a technical, property sense."). For this reason, we overrule appellant's argument.

The judgment of the Court of Appeals is affirmed.

W.C. DAVIS and WHITE, JJ., not participating.