Johnny ARRIZOLA, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–87–0108–CR.

Court of Appeals of Texas, Amarillo.

Nov. 18, 1987.

Rehearing Denied Dec. 21, 1987.

White, Self & Bass, Bob Bass, Plainview, for appellant.

Robert W. Kinkaid, Jr., Asst. Dist. Atty., Plainview, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Johnny Arrizola appeals from his conviction of contributing to the delinquency of a minor under Texas Family Code Annotated section 72.002 (Vernon 1986), and the consequent jury-assessed punishment of one year confinement in the Hale County Jail, which was probated, and a $175 fine. In one point, appellant contends that the trial court erred in failing to grant an instructed verdict of acquittal upon the State's failure to present corroborative evidence to support accomplice testimony. We affirm the judgment of conviction.

Appellant was convicted upon the testimony of three minors who said that they had sniffed paint allegedly provided by appellant. The thrust of appellant's argument, and the basis of his motion for instructed verdict, was that there was no evidence to corroborate that "accomplice testimony."

Texas Code of Criminal Procedure Annotated article 38.14 (Vernon 1979) provides:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

Texas Penal Code Annotated section 8.07 (Vernon Supp.1987) states that a person may not be prosecuted for or convicted of any offense that he committed when younger than fifteen years of age, with the exception of perjury and certain motor vehicle offenses.

Appellant recognizes the general rule that a juvenile too young to be criminally responsible as a matter of law cannot be an accomplice. *See Komurke v. State*, 562 S.W.2d 230, 234 (Tex.Crim.App.1978), *overruled on other point, Cooper v. State*, 631 S.W.2d 508, 514 (Tex.Crim.App.1982). However, without citation of relevant authority, he reasons that since this prosecution was brought under Texas Family Code Annotated section 72.002 (Vernon 1986) and not under the Penal Code, a different rule applies. He points out that under the same Family Code a juvenile can be adjudicated a delinquent or a child in need of supervision for the conduct to which appellant was a party, *i.e.*, inhaling the paint supplied by appellant. Therefore, he says, the rationale existing under the Penal Code for the exception of juvenile witnesses does not exist under the Family Code and the State must corroborate juvenile accomplice witness testimony in prosecutions under the Family Code.

We disagree with appellant's argument and, in reaching that conclusion, find the Court's decision in *Villarreal v. State*, 708 S.W.2d 845 (Tex.Crim.App.1986) most instructive. In that case, the key testimony against Villarreal was provided by an eleven year old child. Villarreal contended that the child's testimony was required to be corroborated even though she could not be prosecuted under the Penal Code, because she could be adjudicated a delinquent under the Family Code and "she could have been deprived of her freedom and placed in [the] Texas Youth Council until she reached her eighteenth birthday." *Id.* at 848. That is a contention very similar to that made by this appellant. The Court rejected Villarreal's contention and held that since the juvenile witness in that case did not fall within the age of criminal culpability, she simply

could not be an accomplice witness. *Id.* at 849.

We find the Court's reasoning to be applicable here. The fact that this prosecution is brought under the Family Code rather than the Penal Code does not justify a different result. The conduct proscribed by section 72.002 of the Texas Family Code Annotated (Vernon 1986) (contributing to the delinquency of a minor) is so inimical to the interest of society in protecting its young as to be intimately and closely related to conduct proscribed by the Penal Code and is of the same nature. The rule articulated in *Villarreal v. State*, 708 S.W.2d at 845, above should, therefore, be applicable to proceedings such as the instant one.

The juvenile witnesses in this case were eleven, thirteen, and fourteen years of age. We hold their testimony was not "accomplice testimony" within the purview of Texas Code of Criminal Procedure Annotated article 38.14 (Vernon 1979) requiring corroboration. Appellant's point of error is overruled and, there being no reversible error, the judgment of conviction is affirmed.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

## ON MOTION FOR REHEARING AND SUGGESTION OF FUNDAMENTAL ERROR

BOYD, Justice.

In appellant's motion for rehearing, in addition to urging us to reconsider our original decision (see p. 470), he attempts to present for the first time a point which he says constitutes fundamental error and requires reversal.

That error arises, says appellant, because he should have been charged under article 4476–15, section 4.13(f)(1) and (g), Texas Revised Civil Statutes Annotated (Vernon Supp.1987). This statute charges the offense of knowingly or intentionally "deliver[ing] abusable glue or aerosol paint to a person who is under 17 years of age." This offense is a Class B misdemeanor. A Class B misdemeanor is punishable by a fine not to exceed $1,000, confinement in jail not to exceed 180 days, or both. Tex. Penal Code Ann. § 12.22 (Vernon 1974). As we noted in our original opinion, appellant was convicted of contributing to the delinquency of a minor under Texas Family Code Annotated section 72.002 (Vernon 1986) with an assessed punishment of one year confinement in the Hale County Jail, probated, and a $175 fine.

With commendable candor, appellant's counsel concedes that he failed to discover the "specific statute" in time to preserve the issue for appellate review. He argues, however, since the "more specific offense" provides for a lower penalty than that assessed, the error in not charging appellant under this statute necessarily results in harm to appellant and is so egregious that it could not be waived by a failure to object. In support of this proposition, he places primary reliance upon the Court's decision in *Tawfik v. State*, 643 S.W.2d 127 (Tex.Crim.App.1982). That reliance is misplaced. While Tawfik's conviction was reversed because he was charged under a general theft statute rather than a special statute entitled "Criminal Simulation," in that case, the question of fundamental error was not presented or discussed since Tawfik had apparently taken all necessary steps to preserve his right to appeal that question.

Moreover, subsequent to the Court's decision in *Tawfik*, Texas Code Criminal Procedure Annotated article 1.14 (Vernon Supp.1987) was amended effective December 1, 1985, and reads as follows:

(a) The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case.

(b) If the defendant does not object to a defect, error or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post conviction proceeding. . . .

This amendment was adopted pursuant to the authority granted the legislature under the amendment to Texas Constitution article 5, section 12, adopted at the general election held on November 5, 1985. Since no objection was made in the trial court on the basis now asserted by appellant, it has been waived and has not been preserved for our appellate review. *See also Moore v. State,* 672 S.W.2d 242, 244 (Tex.App.—Houston [14th Dist.] 1983, no pet.).

We also decline appellant's invitation to reconsider our holding in our original opinion since we continue to believe it was correct. Accordingly, appellant's Motion for Rehearing and Suggestion of Fundamental Error is overruled.