**Johnny Wesley ASHFORD,
III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–89–01057–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 25, 1992.

Wilford Anderson, Houston, for appellant.

John B. Holmes, Lester Blizzard, Houston, for appellee.

Before DUGGAN, DUNN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

This case presents the question of whether a witness, who was indicted and sentenced as a juvenile for the same offense for which the accused is charged, is an accomplice as a matter of law.

Johnny Wesley Ashford, the appellant, who was charged with the offenses of capital murder, murder, and aggravated robbery, was found by a jury to be guilty of capital murder and was assessed punishment at confinement for life. On appeal, the appellant claims that the trial court committed reversible error in refusing his request for a jury instruction that the wit-

ness Richard Brooks was an accomplice as a matter of law. The appellant argues that the trial court's failure to charge the jury that Richard Brooks was an accomplice as a matter of law or to submit the issue as a fact question for the jury to determine caused him egregious harm that deprived him of a fair and impartial trial.

## Summary of Facts

On December 13, 1987, just before 1:00 p.m., Michael Allen Cundiff was shot in a parking lot in front of the Video To Go store. Cundiff managed to stagger into the store, where he died. Mitchell Bryant, III testified that he heard someone arguing in the parking lot, looked in the direction of the voices, saw a white Mercedes–Benz, and heard a gunshot. He saw a man near the white Mercedes, who stumbled into the video store, saying, "I've been shot; I've been shot!" Bryant also testified that after he heard the shot, he saw a light blue car, a Firebird or Camaro, leave the parking lot. The white Mercedes then backed up and followed the blue car. Bryant did not see the people in the blue car; however, he could see there was one person in the Mercedes and two people in the blue car. He identified the car in photos marked State's Exhibits 30, 31, and 32, as the blue car he saw leaving after the shooting.

Rodney Porter testified that he sold newspapers outside of the Kroger grocery store. He remembered seeing a man and woman drive up in a white Mercedes. He saw the man go into the video store. Porter testified that he heard a gunshot, saw a blue car take off, and saw the white Mercedes follow it. He said both cars left quickly, and he could not see how many people were in either car.

## Testimony of accomplice witness

Richard Brooks, the juvenile accomplice, testified that on December 13, 1987, he rode to Houston with the appellant and Timothy Stewart in a blue Trans AM. Brooks said the appellant drove the car and parked next to a white Mercedes in front of a video store. Brooks testified that after

parking next to the white Mercedes, the appellant said he wanted it. The appellant moved over from the driver's seat to sit in the front passenger seat, Brooks moved to the drivers seat, and Stewart got in the back. They waited for five or ten minutes before they saw a man walking toward the Mercedes, then the appellant got out of the Trans Am and approached him. Brooks testified that the appellant told the man to give him his stuff and the man gave the appellant his wallet. Brooks heard the appellant tell the man to lie down on the curb. As Brooks backed the Trans Am out of the parking space, he saw the appellant shoot the man. Later, the appellant told Brooks he shot the man because he was staring at him.

Brooks said the appellant drove off in the white Mercedes, and he and Stewart followed. Shortly after leaving the shopping center, Brooks had a wreck, and the two of them abandoned the Trans Am and fled. Brooks and Stewart later "caught up" with the appellant, who was driving the Mercedes on the freeway.

On cross-examination, Brooks testified that he was charged with the murder of Cundiff. He acknowledged that he had been certified to stand trial as an adult, and that his case was transferred to a district court, but was later remanded to juvenile court.

Able Morin testified that in 1987, he worked for a job corps center in San Marcos as a security guard. On December 13, 1987, a white Mercedes passed through the front gate of the center without a decal or a pass. Morin, who was on foot patrol, located the automobile in front of one of the dormitories. There were two people sitting in the car, but no one was sitting in the driver's seat. A few seconds later, the appellant came out of the dormitory. Morin recognized the appellant because he had been a student at the center, and knew him by his first name. Morin told the appellant he was going to escort him to the front gate. The appellant got in the car and sped off toward the gate, where he was stopped by another guard. When Morin reached the gate, he asked the appellant

where he got the white Mercedes. The appellant responded that he was "just doing his thing." After the appellant drove off, one of the security guards contacted the San Marcos police, who arrested the appellant later that evening. After the appellant was arrested, Morin went to the San Marcos police station. The appellant pretended he did not know Morin.

Herbert B. Burns, Jr. testified that he was the attorney appointed to represent Brooks during the juvenile certification hearing in the 314th Juvenile District Court. Burns testified that Brooks was certified to stand trial as an adult, but the case was remanded to juvenile court. In juvenile court, Brooks entered a plea of no contest to the charge of murder, and he was sentenced to four years' confinement in the Texas Youth Council.

### Error in the charge

#### 1. Objection to the charge

■ In point of error one, the appellant complains that the trial court erred in failing to instruct the jury that Brooks was an accomplice witness as a matter of law. In point of error two, as an alternative argument, the appellant contends that the trial court erred in failing to provide the jury with an instruction setting forth a fact question about whether or not Brooks was an accomplice witness whose testimony requires corroboration. In response, the State contends the appellant did not preserve the error.

At the close of the evidence, the appellant moved for an instructed verdict, claiming:

> There has been insufficient evidence submitted to this jury in this trial that would warrant the jury even considering whether or not Mr. Ashford is guilty of any crime. The only evidence that closely associates Mr. Ashford with any involvement with the crime comes from an accomplice that is by law an accomplice. There has been no evidence which would corroborate that accomplice's testimony which would tend to show that Mr. Ashford had any connection with the crime of capital murder itself....

The argument on the motion for instructed verdict was followed by the charge requests and argument about the charge. The appellant's attorney made the following objection and request:

> Your honor, the defense's only request is that the Court include in the charge information giving the jury the option of making a determination as to whether or not Richard Brooks is an accomplice witness; that they so find, as a matter of fact, that Richard Brooks is an accomplice witness.

The trial court denied the request.

We hold that the appellant's objections to the omission of the court's instruction on accomplice testimony, or in the alternative, submission of a fact issue on whether Brooks was an accomplice, comported with article 36.14 of the Texas Code of Criminal Procedure and, thus, preserved error. TEX. R.APP.P. 52(a).

#### 2. Accomplice as a matter of law or issue of fact?

Article 38.14 of the Texas Code of Criminal Procedure provides:

> A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

TEX.CODE CRIM.P.ANN. art. 38.14 (Vernon 1979).

■ An accomplice witness is one who participated with another before, during, or after commission of a crime. *Villarreal v. State (Villarreal I)*, 708 S.W.2d 845, 847 (Tex.Crim.App.1986); *Ferguson v. State*, 573 S.W.2d 516, 523 (Tex.Crim.App.1978). A person is an accomplice witness if he can be prosecuted for the same offense with which the accused is charged. *Villarreal I*, 708 S.W.2d at 847; *Ferguson*, 573 S.W.2d at 523. A person is not an accomplice witness just because he knew of the crime and failed to disclose it or even concealed it. *Id.; Villarreal v. State (Villarreal II)*, 576 S.W.2d 51, 56 (Tex.Crim.App.

1979). To determine if a person was a participant in an offense, the courts look to events before, during, and after commission of the offense, including actions that show an understanding and common design to do a certain act. *See Villarreal II,* 576 S.W.2d at 56.

If it is clear from the evidence that the witness was not an accomplice, the trial court should not give any charge regarding an accomplice, either accomplice as a matter of law or as an issue of fact. *See Villarreal II,* 576 S.W.2d at 57. If, however, there is a conflict in the evidence, the court should charge the jury on the question of whether the witness was an accomplice as a matter of fact. *Singletary v. State,* 509 S.W.2d 572, 575 (Tex.Crim.App. 1974). When the evidence clearly shows a person is an accomplice witness as a matter of law, the court must so charge. *Solis v. State,* 792 S.W.2d 95, 97 (Tex.Crim.App. 1990).

Generally, one who cannot be prosecuted for the same offense for which the accused is being tried is not an accomplice witness. *Villarreal II,* 576 S.W.2d at 56; *Ferguson,* 573 S.W.2d at 523. The State contends that Brooks cannot be an accomplice, because he cannot be prosecuted for the offense with which the accused was charged. The State directs this Court's attention to the case of *Villarreal I,* in which the Court of Criminal Appeals concluded that the great-granddaughter of the murder victim, who was 11 years old, was incapable of criminal culpability under a statute prohibiting conviction of a person under 15 years of age and, therefore, was not an accomplice witness. *Villarreal I* at 848–49. The court distinguished the case of *Harris v. State,* 645 S.W.2d 447 (Tex. Crim.App.1983), in which it held that the defendant was entitled to an instruction regarding whether or not a witness who was a juvenile was an accomplice as a matter of fact, because the evidence clearly showed that the juvenile had been involved in the murder. *Villarreal I,* 708 S.W.2d at 849. The *Villarreal I* court noted that in *Harris,* the district attorney had instituted proceedings to have the juvenile certified

as an adult, and if the juvenile had been indicted for murder, then she would have been an accomplice as a matter of law. *Villarreal I,* 708 S.W.2d at 849, citing *Harris,* 645 S.W.2d at 457 n. 27. The court concluded:

Herein lies the distinguishing point of *Harris* from this case. The girl in *Harris* was fifteen years old, and was subject to criminal culpability. Here, Dickey was eleven years old, and therefore could not have been certified and tried for murder. See V.T.C.A., Fam.Code sec. 54.-02(a)(2). Unlike *Harris,* there is nothing in the record to show there were any type of proceedings that were to be or had already been instituted against Dickey.

*Villarreal I,* 708 S.W.2d at 849.

In the present case, Brooks was indicted for the murder of Cundiff and was certified to stand trial as an adult. The district court remanded the case to juvenile court, and Brooks pled no contest to a charge of juvenile delinquency based on the murder and was sentenced by the juvenile court out of an agreed recommendation. Brooks is presently serving four years in the juvenile detention center for Cundiff's murder. We hold that the trial court should have determined that Brooks was an accomplice as a matter of law. *Burns v. State,* 703 S.W.2d 649, 651 (Tex.Crim. App.1985). The trial court's failure to do so was error. *Id.*

We sustain point of error one. *Solis,* 792 S.W.2d at 97. We decline to reach or overrule point of error two.

### Harm from error in the charge

In point of error three, appellant claims that the evidence was insufficient to corroborate the testimony of accomplice witness Brooks. In point of error four, appellant contends that the trial court's failure to charge the jury that Brooks was an accomplice as a matter of law or to submit the issue as a fact question for the jury to determine caused him egregious harm that deprived him of a fair and impartial trial.

■ If error in the charge was properly preserved, *any* harm, regardless of the degree, is sufficient to require a reversal of the conviction on appeal. *Gibson v. State,* 726 S.W.2d 129, 133 (Tex.Crim.App.1987); *Airline v. State,* 721 S.W.2d 348, 351 (Tex. Crim.App.1986); *Allen v. State,* 751 S.W.2d 931, 935 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

■ To determine whether reversal is required, error must be "calculated to injure the rights of the defendant." *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim.App.1985) (op. on reh'g). The actual degree of harm "must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.; Allen,* 751 S.W.2d at 935. An appellant has the burden to persuade the reviewing court that he has suffered some actual harm as a consequence of charging error. *La Point v. State,* 750 S.W.2d 180, 191 (Tex.Crim.App. 1986) (op. on reh'g).

■ Because we determined that Brooks was an accomplice, we must decide whether his testimony against the appellant was sufficiently corroborated. Tex. Code Crim.P.Ann. art. 38.14 (Vernon 1979). To determine the sufficiency of corroboration, we eliminate from consideration the evidence of the accomplice witness and examine the testimony of the other witnesses to determine if there is evidence of incriminating character tending to connect the defendant with the commission of the offense. *Mitchell v. State,* 650 S.W.2d 801, 806 (Tex.Crim.App.1983).

■ In applying the test of the sufficiency of the corroboration, the court must consider each case on its own facts and circumstances. *Reed v. State,* 744 S.W.2d 112, 126 (Tex.Crim.App.1988). The corroborative evidence may be circumstantial or direct. *Id.* It is not necessary for the corroborating evidence to directly link the accused to the crime or to be sufficient in itself to establish guilt. *Adams v. State,* 685 S.W.2d 661, 667–68 (Tex.Crim.App.

1985); *Pabst v. State,* 721 S.W.2d 438, 442 (Tex.App.—Houston [1st Dist.] 1986, no pet.). It is sufficient if the combined cumulative weight of the incriminating evidence furnished by the non-accomplice witness tends to connect the accused with the commission of the offense. *Granger v. State,* 683 S.W.2d 387, 392 (Tex.Crim.App.1984).

In the case of *Lyman v. State,* 540 S.W.2d 711, 714 (Tex.Crim.App.1976), the Court of Criminal Appeals determined that possession of fruits of a crime by an accused tends to connect the accused with the commission of the crime and may be sufficient corroboration of accomplice testimony. *Id.* On the evening of the offense, Able Morin testified that he saw the appellant in the white Mercedes that belonged to the victim. When the appellant was asked where he got the car, he responded that he was "just doing his own thing." When the appellant was confronted by police, he drove off in the white Mercedes, eventually crashing into a telephone pole. After the Mercedes stopped, the appellant ran from police. The police found a .38 caliber pistol in the roadway in San Marcos and found a .38 caliber expended cartridge on the floorboard of the Mercedes. When the appellant was captured by police, he gave a false name. When Morin went to the San Marcos police station to see the appellant, the appellant acted as if he did not know him.

We find that the evidence of appellant's possession of the complainant's Mercedes, along with the non-accomplice testimony of the San Marcos police officers, tended to connect appellant with the murder of Cundiff and was sufficient corroboration of Brook's testimony. We hold, therefore, that the trial court's error in failing to instruct the jury that Brooks was an accomplice as a matter of law was harmless. Tex.R.App.P. 81(b)(2).

We overrule points of error three and four and affirm the judgment of the trial court.