Amaro v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-034-CR

     PAUL AMARO,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 220th District Court
Hamilton County, Texas
Trial Court # 6776
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      On September 5, 1995, Paul Amaro pled guilty to bail jumping and failure to appear. See
Tex. Penal Code Ann. § 38.10 (Vernon 1994). Pursuant to an agreement between the State and
Amaro, the court sentenced him on October 3, 1995, to an enhanced punishment of twenty years'
incarceration in the Texas Department of Criminal Justice-Institutional Division. See id. § 12.42
(Vernon 1994 & Supp. 1997). A transcript was received by this court on February 21, 1997.
      Some months after the final judgment was filed, Amaro apparently requested the trial court
to provide him with free counsel so that he could appeal the conviction. According to Amaro, the
trial court refused, and Amaro then made the same request to this court on at least two occasions. 
Each time the request was made, we informed Amaro by letter that we have no authority to
appoint counsel. After more correspondence, Amaro ultimately filed in this court on January 23,
1997, a "Motion to File an Out of Time Appeal." On the same date we received Amaro's motion,
we notified him by letter that we may dismiss his cause for want of jurisdiction unless within ten
days he demonstrated sufficient grounds for continuing the appeal. Amaro responded with a
"Motion to Extend Time to File Grounds For Continuing Appeal" that was postmarked January
31, 1997. We will deny both (1) the motion to file an out of time appeal and (2) the motion to
extend the time to demonstrate sufficient grounds for continuing the appeal. We will dismiss the
cause for want of jurisdiction. 
      A timely notice of appeal is necessary to invoke a court of appeal's jurisdiction. Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). To be timely, a notice of appeal must be
filed within thirty days after the sentence is imposed, or within ninety days if a timely motion for
new trial is filed. See Tex. R. App. P. 41(b)(1). On October 3 Amaro filed in the trial court a
waiver of his right to file a motion for new trial; therefore, his notice of appeal was due November
2, 1995.
      Provision is made in the appellate rules for the untimely filing of a notice of appeal. Rule
41(b)(2) provides that "[a]n extension of time for filing notice of appeal may be granted by the
court of appeals if such notice is filed within fifteen days after the last day allowed and within the
same period a motion is filed in the court of appeals reasonably explaining the need for such
extension." Id. 41(b)(2).
      Amaro filed his motion to extend the time to file his notice of appeal on January 23, 1997. 
By operation of Rule 41(b)(2), his motion for extension was due in this court on November 17,
1995. This court has no authority to grant an untimely motion to extend the time to file a notice
of appeal. Olivo, 918 S.W.2d at 522. Therefore, Amaro's motion to file an out of time appeal
is denied.
      Without a timely filed notice of appeal, or a timely filed motion to extend the time to file a
notice of appeal, the appellate court has no jurisdiction over an appeal. Id. at 522-23. Amaro has
not filed a notice of appeal, and as held above, his motion to extend the time to file a notice of
appeal is untimely. Therefore, this court has no jurisdiction over his appeal, and it must be
dismissed.
      On January 23, 1997, we gave notice to Amaro that we may dismiss his appeal for want of
jurisdiction unless within ten days he provided sufficient grounds for continuing it. He responded
in a motion postmarked eight days later requesting more time in which to reply. We gave Amaro
an opportunity to provide this court with authority for why his appeal should not be dismissed, but
he has thus far failed to do so. Moreover, the authority on the subject of this court's authority to
act upon an untimely motion to extend the time to file a notice of appeal is recent and exceedingly
clear. Nothing could be gained by granting Amaro's request for an extension of time in which to
respond to our January 23 letter; therefore, his motion is denied.
      As a final item, Amaro's motion for the assignment of counsel filed on January 23, 1997, is
dismissed as moot.
      Amaro's motion to file an out of time appeal is denied; his motion to extend the time in which
to demonstrate sufficient grounds for continuing the appeal is denied; his motion for the
appointment of counsel is dismissed as moot; and the cause is dismissed for want of jurisdiction.
    
                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Motion to file out of time appeal denied
Motion to extend time to demonstrate sufficient grounds for continuing appeal denied
Motion for appointment of counsel dismissed as moot
Dismissed for want of jurisdiction
Opinion delivered and filed March 5, 1997
Do not publish




or after the commission of [the] crime” and if the witness can be “prosecuted for
the offense with which the accused is charged.” Gamez v. State, 737 S.W.2d 315, 322 (Tex. Crim.
App. 1987). When the evidence shows that the witness is an accomplice as a matter of law, the
trial court should instruct the jury of this finding. Solis v. State, 792 S.W.2d 95, 97 (Tex. Crim.
App. 1990); Gamez, 737 S.W.2d at 322; Mize v. State, 915 S.W.2d 891, 895 (Tex.
App.—Houston [1st Dist.] 1995, pet. ref’d). If however there is a fact question about whether or
not the witness is an accomplice, the trial court should instruct the jurors to resolve this factual
issue, and if they find the witness to be an accomplice then there must be corroborating evidence
connecting the defendant to the crime in order to convict. See Albritton v. State, 662 S.W.2d 377,
379-80 (Tex. App.—Beaumont 1983, pet. ref’d); see also Gamez, 737 S.W.2d at 322; Kunkle v.
State, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986); Ashford v. State, 833 S.W.2d 660, 664 (Tex.
App.—Houston [1st Dist.] 1992, no pet.). 
      Haney contends that the phrasing of the accomplice witness instruction given by the trial court
improperly places the burden of proof on the defendant to show whether or not the witness was an
accomplice. In the instant case the trial court’s charge contained instructions that the jury should
determine whether or not witnesses Lloyd Fulfer, Aaron McMahan, and Adislado Marsh were
accomplices of the defendant in committing murder. These three witnesses had been in the
apartment during the beating, and there was testimony that these individuals had hit or kicked the
victim at Haney’s request. The portion of the charge instructing the jury on the application of the
accomplice witness rule to Fulfer reads:
Now, if you believe from the evidence beyond a reasonable doubt that an offense was
committed and you further believe from the evidence that the witness Lloyd Fulfer was
an accomplice, or you have a reasonable doubt whether he was or not, as that term is
defined in the foregoing instructions, then you cannot convict the defendant upon the
testimony of the said Lloyd Fulfer unless . . . [subsequent text explains the accomplice
witness rule]. (Emphasis added).
 
Haney objects specifically to the use of the phrase “or not” in the instruction, claiming that this
indicates to the jury that the defendant has the burden of proof on whether the witness was proved
to be an accomplice of the defendant. This objection was made to each of the three identical
paragraphs in the charge applying the accomplice witness rule to Fulfer, McMahan, and Marsh
respectively. 
      In criminal cases the State must prove all elements of the offense beyond a reasonable doubt
before a defendant may be convicted. Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp.
1997). The use of instructions on conclusive or rebuttable presumptions which lessen the State’s
burden of proof impermissibly shift that burden onto the defendant in violation of due process. See
Francis v. Franklin, 471 U.S. 307, 317, 105 S.Ct. 1965, 1972-73 (1985); Sandstrom v. Montana,
442 U.S. 510, 523-24, 99 S.Ct. 2450, 2459 (1979); Goswick v. State, 656 S.W.2d 68, 69-70 (Tex.
Crim. App. 1983). Because Haney seeks a reversal of his conviction based upon the alleged
burden-shifting effect of this accomplice witness instruction, we examine this charge to determine
(1) whether the trial court’s charge contained error and (2) if “sufficient harm resulted from the
error to require reversal.” Porter v. State, 921 S.W.2d 553, 557 (Tex. App.—Waco 1996, no
pet.).
      Haney has cited no cases discussing his proposition that the “or not” language shifts the burden
of proof onto the defendant, and we have found none. Thus, we must examine the text of the
instruction to determine the effect of this language. The trial court’s instruction informs the jury
that if the jurors believe the witness was an accomplice of Haney then there must be evidence
corroborating the witness’ testimony. The instruction also tells the jurors that, if after looking at
the evidence they have a reasonable doubt regarding whether or not the witness acted as Haney’s 
accomplice, then corroboration is necessary. The effect of this instruction does not shift the burden
of proof onto the defendant, but in fact it places the burden on the State to prove that the witness
was not an accomplice. If the State failed to prove beyond a reasonable doubt that the witness was
not an accomplice of Haney, then the instruction given by the trial court properly requires jurors
to convict only if the witness’ testimony has been corroborated by other evidence linking Haney
with the crime. See Boozer v. State, 717 S.W.2d 608, 611 (Tex. Crim. App. 1984) (when the State
fails to object to the court’s giving an accomplice witness instruction it bears the burden of proof
on this issue). Haney’s first point is overruled because we conclude the accomplice witness
instruction given by the trial court did not improperly shift the burden of proof onto the defendant. 
      In his second point of error, Haney claims that the trial court erred in allowing the State to
present testimony describing the factual details surrounding one of Haney’s prior convictions for
assault when he had already stipulated that the conviction had occurred. During the punishment
phase of the trial Haney stipulated to his prior criminal record consisting of five prior convictions
for: unauthorized use of a motor vehicle, theft, unlawfully carrying a weapon, and two convictions
for assault. The judgment for each of these offenses was introduced into evidence. Then the State
called Matthew Hammond to testify that one of Haney’s assault convictions resulted from an attack 
in which Haney began hitting Hammond without provocation and included hitting him over the
head with a hot iron. Haney objected to this evidence asserting that it was “reversible error to go
into the details of any prior conviction that has been admitted in the . . . punishment phase,” but
this objection was overruled.
      On appeal Haney contends that information about a defendant’s prior criminal record should
be limited to introducing evidence of a final conviction without any factual details about the prior
offense. Haney believes that details about past acts may only be introduced when the State seeks
to prove an unadjudicated crime or bad act.
      Cases interpreting prior versions of section 3(a) of article 37.07 of the Code of Criminal
Procedure hold that details about a prior criminal act, which resulted in a final conviction, are
inadmissible in the punishment phase of a later trial. See Smith v. State, 930 S.W.2d 227, 229-30
(Tex. App.—Beaumont 1996, pet. ref’d); see also Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)
(Vernon Supp. 1997); Johnson v. State, 650 S.W.2d 784, 792 (Tex. Crim. App. 1983); Walker v.
State, 610 S.W.2d 481, 483 (Tex. Crim. App. 1980). However, after the Court of Criminal
Appeals’ decision in Grunsfeld v. State,


 the legislature amended section 3(a). 
      The legislature provided in section 3(a) that either the State or the defendant may offer
evidence of “any matter the court deems relevant to sentencing.” Tex. Code Crim. Proc. Ann.
art. 37.07, § 3(a). The statute does not limit what evidence a trial judge might consider relevant,



but specifies that relevant evidence at sentencing includes, inter alia, the defendant’s prior criminal
record and evidence of an extraneous crime or bad act proven beyond a reasonable doubt. Id. 
While it could be argued that the details about a past conviction are part of the defendant’s “prior
criminal record” because the legislature deleted the definition of this term when it amended 37.07,



we believe the better approach is to treat the details surrounding a prior conviction as an extraneous
crime or bad act which must be proved to the jury beyond a reasonable doubt. 
      By its own terms section 3(a) of article 37.07 is not limited to extraneous crimes or acts which
are unadjudicated. See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a). The text says that
evidence about the defendant’s bad acts is admissible “regardless of whether he has previously been
charged with or finally convicted of the crime or bad act.” Id. Thus, the fact that the defendant
was actually convicted of the extraneous crime does not prevent the prosecution from proving
beyond a reasonable doubt what that prior offense involved factually. The Court of Criminal
Appeals has defined an extraneous offense as “any act of misconduct, whether resulting in
prosecution or not, that is not shown in the charging papers.” Rankin v. State, No. 1019-94, 1996
WL 6757 (Tex. Crim. App. January 10, 1996) (emphasis omitted). Similarly, we believe that
37.07's use of the term “extraneous crime” is not limited to unadjudicated crimes, but includes both
adjudicated and unadjudicated crimes which the defendant can be proved to have committed beyond
a reasonable doubt. 
      By allowing the State to present evidence about extraneous crimes or bad acts jurors learn “as
much useful information as possible in deciding the appropriate punishment for the individual
defendant.” Mendiola v. State, 924 S.W.2d 157, 163 (Tex. App.—Corpus Christi 1995, no pet.)
(quoting Bowser v. State, 816 S.W.2d 518, 521 (Tex. App.—Corpus Christi 1991, no pet.). For
example, in Cox v. State, the Fort Worth Court of Appeals held that evidence presented during the
punishment phase of an aggravated robbery trial, which showed that the defendant had once
followed a woman home in the middle of the night, gone to her door, and turned her front door
knob, was admissible as a “bad act” committed by the defendant. 931 S.W.2d 349, 356-57 (Tex.
App.—Fort Worth 1996, pet. granted). We are unable to discern a reason why jurors, such as
those in Cox, can consider the facts surrounding a bad act, which was not a criminal offense, to
determine a proper sentence, but jurors cannot consider an event which led to a criminal conviction. 
See Standerford v. State, 928 S.W.2d 688, 693 (Tex. App.—Fort Worth 1996, no pet.) (holding
that the trial court did not err in allowing the State to present evidence about the defendant’s prior
DWI convictions). Once the trial judge has made a threshold determination that evidence regarding
an extraneous crime is relevant, then the jury may consider it in deciding punishment if the State
proves the occurrence beyond a reasonable doubt. See Mitchell v. State, 931 S.W.2d 950, 953
(Tex. Crim. App. 1996). 
      Consequently, Haney’s second point is overruled because we conclude that the State may
present evidence about the details surrounding a defendant’s extraneous prior criminal conviction.


 
Furthermore, the trial court’s charge on punishment properly instructed the jurors that before they
could consider other offenses in determining Haney’s punishment they must have found beyond a
reasonable doubt that Haney had committed those offenses.
      The judgment is affirmed.
 
                                                                               BOBBY L. CUMMINGS
                                                                               Justice
 
Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed September 10, 1997
Publish