11th Court of Appeals
Eastland, Texas
Opinion
 
Samuel Mondragon-Garcia
            Appellant
Vs.                  No. 11-02-00228-CR -- Appeal from Dallas County
State of Texas
            Appellee
 
            The jury convicted Samuel Mondragon-Garcia of the offense of murder, made an affirmative
deadly weapon finding, and assessed punishment at confinement for 35 years and a fine of $10,000. 
We affirm. 
            Appellant presents six points of error on appeal. In the first three points, which are argued
together, appellant contends that the trial court erred in denying his motion to suppress evidence
relating to the firearm that was found during a warrantless search of appellant’s motel room. 
Appellant contends that the search violated the Fourth Amendment to the United States Constitution,
the Texas Constitution, and Texas statutory law. We disagree. 
            In reviewing a trial court’s ruling on a motion to suppress, appellate courts must give great
deference to the trial court’s findings of historical facts as long as the record supports the findings. 
Guzman v. State, 955 S.W.2d 85, 87 (Tex.Cr.App.1997). Because the trial court is the exclusive fact
finder, the appellate court reviews evidence adduced at the suppression hearing in the light most
favorable to the trial court’s ruling. Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Cr.App.2000). 
We also give deference to the trial court’s rulings on mixed questions of law and fact when those
rulings turn on an evaluation of credibility and demeanor. Guzman v. State, supra. Where such
rulings do not turn on an evaluation of credibility and demeanor, we review the trial court’s actions
de novo. Guzman v. State, supra; Davila v. State, 4 S.W.3d 844 (Tex.App. - Eastland 1999, no
pet’n). 
            In the present case, the facts surrounding the search of appellant’s motel room were
uncontroverted. After voir dire, the trial court conducted a hearing on appellant’s motion to suppress
his written statement. Later, during the trial on the merits, it became clear that the weapon was
initially located prior to the issuance of the search warrant in this case. Accordingly, appellant
objected at that time that the weapon was originally found during an illegal, warrantless search of
appellant’s motel room and should be suppressed.


 The trial court then conducted a hearing outside
the jury’s presence and overruled appellant’s objection. 
            The record shows that federal agents had appellant under surveillance for reasons unrelated
to this murder case. While the agents were watching appellant’s room, Special Agent Santiago Moya
telephoned appellant’s motel room, explained that he was with the FBI, and asked appellant if he
would come out and talk. A short time later, appellant opened the door, dressed only in his bikini
underwear; looked at the agents; and took off running. When he fled, appellant left the door to the
motel room ajar. The agents chased and caught appellant and then took him into custody based upon
his status as an illegal alien. As they walked back toward the room, appellant admitted that he had
drugs and a gun in the motel room. The agents entered the room to perform a protective sweep
because they knew that appellant was not alone when he checked into the motel. Special Agent
Salvador Orrantia of the Immigration and Naturalization Service located drugs in plain view on the
bathroom counter. He also went “to where [he] would...keep a gun,” lifted up the mattress, and
observed a gun between the mattress and the box springs. The agents did not seize the gun at that
point, but informed Dallas police officers of the gun and its location. A search warrant was
subsequently obtained, and the gun was seized. Agent Orrantia testified that the initial search of the
room was performed without a warrant and without appellant’s consent. 
            An occupant of a motel room is entitled to constitutional protections against unreasonable
searches and seizures with respect to the motel room. Stoner v. California, 376 U.S. 483 (1964);
Moberg v. State, 810 S.W.2d 190, 194 (Tex.Cr.App.1991). Generally, the warrantless search of a
motel room is unreasonable. In order to justify such a warrantless search, the State must show that
it had consent or that both probable cause and exigent circumstances existed at the time of the
search, such as: (1) rendering aid or assistance to persons whom the officers reasonably believe are
in need of assistance; (2) preventing the destruction of evidence or contraband; and (3) performing
a protective sweep to protect the officers from persons whom they reasonably believe to be present
and armed and dangerous. McNairy v. State, 835 S.W.2d 101, 106-07 (Tex.Cr.App.1991)(citing
Stewart v. State, 681 S.W.2d 774, (Tex.App. - Houston [14th Dist.] 1984, pet’n ref’d)). 
            In this case, Agent Orrantia testified that he located the weapon while performing a protective
sweep of the motel room. A protective sweep in conjunction with an in-home arrest is reasonable
when the officer reasonably believes that the area to be swept harbors an individual posing a danger
to the persons present at the scene. Maryland v. Buie, 494 U.S. 325, 333-37 (1990); Reasor v. State,
12 S.W.3d 813, 815-17 (Tex.Cr.App.2000). A full search of the premises is not authorized; the
sweep must be limited to spaces where a person could be found. Maryland v. Buie, supra; Reasor
v. State, supra. Under the circumstances in this case, including the agents’ knowledge that at least
two other people had been with appellant in the past hour or two, the agents were justified in
performing a protective sweep of the motel room. However, Agent Orrantia’s act of lifting up the
mattress to look for the gun went beyond the scope of a permissible protective sweep. See Maryland
v. Buie, supra; Reasor v. State, supra; Ramirez v. State, 105 S.W.3d 730 (Tex.App. - Austin 2003,
no pet’n). Agent Orrantia did not reasonably believe and could not have reasonably believed that
a person was concealed between the mattress and the box springs. 
            Furthermore, the search was not a proper “search incident to arrest.” The record shows that
appellant was arrested outside the motel room after he fled. It is unclear from the record whether
appellant was brought back into the motel room after he was caught. The record shows that the
officers walked appellant back toward the motel room and that Agent Orrantia and two uniformed
officers subsequently entered the room to conduct the search. Even if appellant had returned with
the officers and entered the motel room after his arrest, the search would not have constituted a
proper search incident to arrest. A search incident to arrest is limited to a search of the person and
the area in his immediate control. Chimel v. California, 395 U.S. 752 (1969); see Vale v. Louisiana,
399 U.S. 30, 33-34 (1970); Rogers v. State, 774 S.W.2d 247, 264 (Tex.Cr.App.), cert. den’d, 493
U.S. 984 (1989), overruled in part on other grounds by Peek v. State, 106 S.W.3d 72, 79
(Tex.Cr.App.2003); Carrasco v. State, 712 S.W.2d 120 (Tex.Cr.App.1986). There is no justification
for a search incident to arrest to be conducted in any room other than the room where the arrest
occurs. Chimel v. California, supra at 763-65. Nothing in the record indicates that the area where
the gun was found was in appellant’s immediate control. 
            However, based upon appellant’s abandonment of the premises and the property located
therein, we find that the trial court did not err in denying the motion to suppress. The issue of
abandonment may be raised for the first time on appeal. McDuff v. State, 939 S.W.2d 607, 616
(Tex.Cr.App.), cert. den’d, 522 U.S. 844 (1997). A defendant lacks standing to contest the
reasonableness of the search of abandoned property. McDuff v. State, supra. Property is considered
to be abandoned for these purposes if the defendant intended to abandon the property and if the
defendant’s decision to abandon the property was made freely and was not due to police misconduct. 
McDuff v. State, supra; Comer v. State, 754 S.W.2d 656, 658-59 (Tex.Cr.App.1986). 
“[A]bandonment is primarily a question of intent to be inferred from words spoken, acts done, and
other objective facts and relevant circumstances.” McDuff v. State, supra at 616. The issue is:
[W]hether the accused voluntarily discarded, left behind, or otherwise relinquished
his interest in the property so that he could no longer retain a reasonable expectation
of privacy with regard to it at the time of the search. 
McDuff v. State, supra at 616; see Comer v. State, supra. 
            In this case, appellant voluntarily opened the door to his motel room after talking to Agent
Moya on the phone. Upon looking out and seeing the agents, appellant fled. No police misconduct
was involved in appellant’s decision to flee and abandon the premises. Appellant fled from the
motel room in his underwear. When he fled, he left the door ajar. Appellant knew that the federal
agents were standing outside and wanted to talk to him. Inside the motel room, appellant left behind
illegal drugs in plain view, his clothes, and a murder weapon. Appellant, an illegal alien, was clearly
trying to escape and disassociate himself from the motel room and its contents. The circumstances
in this case indicate that appellant voluntarily left behind and relinquished his interest in the property,
that he had no intent to return, and that he no longer had a reasonable expectation of privacy in the
motel room or in the property located in the room. See Rockett v. State, 890 S.W.2d 235 (Ark.1994),
overruled in part on other grounds by MacKintrush v. State, 978 S.W.2d 293 (Ark.1998); Villarreal
v. State, 708 S.W.2d 845, 849-50 (Tex.Cr.App.1986); Cherry v. State, 488 S.W.2d 744, 756
(Tex.Cr.App.1972), cert. den’d, 411 U.S. 909 (1973); see also Abel v. United States, 362 U.S. 217,
240-41 (1960). Thus, the trial court did not err in denying appellant’s motion to suppress evidence
about the gun. Appellant’s first, second, and third points of error are overruled. 
            In his fourth and fifth points of error, appellant contends that the evidence is legally and
factually insufficient to support his conviction for murder. In his sixth point, appellant contends that
the evidence is factually insufficient to support the jury’s finding that appellant did not act in self-defense when he shot the victim. In order to determine if the evidence is legally sufficient, we must
review all of the evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt
and also could have found against appellant on the self-defense issue beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000);
Saxton v. State, 804 S.W.2d 910, 914 (Tex.Cr.App.1991). In order to determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and determine whether the
evidence supporting guilt is so weak as to render the conviction clearly wrong and manifestly unjust
or whether the evidence supporting guilt, although adequate when taken alone, is so greatly
outweighed by the overwhelming weight of contrary evidence as to render the conviction clearly
wrong and manifestly unjust. Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman
v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App.2000);
Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996). In this case, we will reverse if the evidence supporting guilt is so weak or if the
jury’s rejection of the self-defense evidence is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Shaw v. State, 995 S.W.2d 867 (Tex.App. - Waco 1999,
no pet’n); Reaves v. State, 970 S.W.2d 111, 116 (Tex.App. - Dallas 1998, no pet’n); Hernandez v.
State, 938 S.W.2d 503, 512 (Tex.App. - Waco 1997, pet’n ref'd). 
            The record shows that the victim was shot six times at close range in a small men’s restroom
at a bar. The victim had been shot by someone standing in or near the doorway leading from the bar
into the restroom. Although there were no eyewitnesses who came forward, appellant subsequently
confessed to the shooting. Appellant signed two voluntary statements. In the first one, appellant
stated that, shortly prior to the shooting, he and the victim had had an argument after appellant told
the victim he did not have any cocaine. Appellant stated that the victim followed appellant outside
and, from a car, showed appellant what appellant thought was a gun. The victim then put it back into
the car and walked toward appellant. With “his hand on his waist like telling [appellant] that he had
a gun,” the victim told appellant “that he was going to pay for it.” The victim went back inside, and
appellant followed. At some point, appellant was going to go into the men’s restroom, but he
decided not to because the victim “was going to follow” appellant. Subsequently, the victim went
into the men’s restroom. Appellant entered the men’s restroom while the victim was in there. 
Appellant stated that the victim was leaning against the wall and made a motion “like he was
bringing out a gun.” According to appellant, that is when he shot the victim “more than two times.” 
Appellant also stated that he knew the victim by sight because a member of the victim’s family had
killed appellant’s brother-in-law at the same club in the same restroom in 1995. In his second
statement, appellant stated that the victim followed appellant outside two times and that the victim
told appellant twice that he was going to kill appellant. Appellant stated that he shot the victim
because he was scared that the victim was going to kill him. He also stated that he shot the victim
“three times” and that he got the gun from a friend. The weapon found in the motel room that had
been occupied by appellant was positively identified as the murder weapon. No weapons were found
on or near the victim. 
            We hold that the evidence is both legally and factually sufficient to show that appellant
committed the offense of murder as charged in this case. Furthermore, based on the crime scene, the
number of shots appellant fired, the fact that appellant followed the victim into the restroom, and the
victim’s lack of a weapon, we hold that a rational jury could have found against appellant beyond
a reasonable doubt on the self-defense issue and that the jury’s rejection of the self-defense evidence
was not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
The fourth, fifth, and sixth points of error are overruled. 
            The judgment of the trial court is affirmed. 
 
                                                                                                AUSTIN McCLOUD
                                                                                                SENIOR JUSTICE 
 
January 15, 2004
Publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Wright, J., and 
McCall, J., and McCloud, S.J.