James William LANE, Appellant,

v.

The STATE of Texas, State.

No. 2–96–064–CR.

Court of Appeals of Texas, Fort Worth.

March 27, 1997.

Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Chief of the Appellate Division, David M. Curl, Greg Miller, Martin Purselley, Assistant Criminal District Attorneys, Fort Worth, for appellee.

Before CHUCK MILLER, J. (Assigned), and LIVINGSTON and DAUPHINOT, JJ.

## OPINION

PER CURIAM.

Appellant James William Lane was indicted for the offense of aggravated robbery of an elderly person. He pled not guilty to a jury, and after hearing evidence the jury found him guilty under the law of parties. Lane had elected that the judge assess punishment, and at the completion of the punishment stage of the trial the judge assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for thirty years. On appeal, Lane brings four points of error complaining that he received ineffective assistance of counsel; that the trial judge committed reversible error in admitting prior testimony to the jury; that there was insufficient evidence to support the conviction; and that the trial judge committed reversible error in not including a factual issue on accomplice testimony in the instructions to the jury. We affirm.

The State's theory of the case was that Lane recruited Patricia R., Kris Shank, and Anna Eason to rob 71–year–old Hilliard Doss in Doss's home. Lane dropped Shank and Eason off down the street from Doss's house, and then Lane and Patricia R. drove around the block and waited to pick them up after the robbery. Shank and Eason gained access to the house through the ruse of needing to use Doss's telephone, and then Shank severely beat the old man during the robbery with a crowbar furnished by Lane.

Lane was arrested for the indicted offense on November 17, 1993. He was appointed an attorney, Matthew Howard, who remained Lane's attorney of record until March 10, 1995 when the trial judge replaced him with another attorney, George Gallagher. On May 5, 1994, an attorney named Leland Gjetley filed an application for writ of habeas corpus on Lane's behalf seeking to have Lane's bond reduced. A hearing was held on the writ on May 10, 1994 at which time Gjetley represented Lane and put him on the stand to give testimony favorable to the bond reduction motion. Portions of this testimony were read to the jury in the trial over Lane's objection. Lane now complains, in points of error numbers one and two, that Gjetley's act of putting Lane on the stand amounted to ineffective assistance of counsel because Lane's testimony could be (and was) used against Lane in the subsequent trial. Lane further maintains, in point of error number three, that without this testimony being introduced at trial, there was insufficient evidence to support the conviction.

At the writ hearing when Gjetley called Lane to the stand, Lane testified, among other things, that he was driving Patricia R., Shank, and Eason on the night in question, and that he dropped Shank and Eason off near the victim's home but had no involvement in the robbery. This testimony amounted to a lengthy denial of culpability in the offense. At most, it was only an admission that on the night of the offense Lane was merely present with the actual perpetrators of the crime in the vicinity of the victim's home at some time before the commission of the offense.

Lane maintains that the only testimony linking him to the commission of the offense was the testimony of the three accomplices. At trial, Eason and Patricia R. both testified that Lane planned the robbery and sought out Shank and Eason to commit it. They further testified that when the first attempt failed, Lane threatened Shank and Eason not to fail a second time and returned them to the victim's neighborhood, at which time they effectuated the robbery according to Lane's plan. Shank's testimony from a hearing wherein he pled guilty to the offense was read to the jury without objection, since Shank committed suicide in prison prior to this trial. That testimony was identical in all pertinent respects to Eason's and Patricia R.'s.

Accomplice testimony, to be sufficient, must be corroborated according to the Texas Code of Criminal Procedure, which states:

A conviction cannot be had upon the testimony of an accomplice [witness] unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1979). Lane maintains that it was his testimony from the writ hearing, read to the jury, that formed the only corroboration of the accomplice testimony from Patricia R., Shank, and Eason.

Turning now to point of error number one, the standard of review in a claim of ineffective assistance of counsel is that the claimant must demonstrate: 1) that his lawyer's performance was deficient, i.e., that the lawyer made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and 2) that the deficient performance prejudiced the defense because the errors of counsel were so serious that they deprived the defendant of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984).[1] The second prong of the *Strickland* test is met by a defendant showing a reason-

able probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.; Butler v. State,* 716 S.W.2d 48, 54 (Tex.Crim. App.1986). The test is applied as of the time of trial, and not through the advantage of hindsight. *Hawkins v. State,* 660 S.W.2d 65, 75 (Tex.Crim.App.1983). The *Strickland* test must be by proof from Lane, and the burden of proof is by a preponderance of the evidence. *Patrick v. State,* 906 S.W.2d 481, 495 (Tex.Crim.App.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996). The performance inquiry must be whether counsel's assistance was reasonable under the circumstances. *Id.* Appellate courts will engage in the strong presumption that counsel's performance was reasonable. *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App. 1994).

■ Our first inquiry then is to ask whether Gjetley's putting Lane on the stand in the writ hearing was an error so serious that Gjetley was not functioning as the "counsel" guaranteed by the Sixth Amendment. The purpose of the writ hearing was to seek a reduction of bond. According to the Texas Code of Criminal Procedure, the guidelines for affixing the amount of bail are as follows:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

---

1. This test is also applicable to claims of ineffective assistance of counsel brought under article I, section 10 of the Texas Constitution. *Hernandez*

*v. State,* 726 S.W.2d 53, 55–57 (Tex.Crim.App. 1986). However, Lane raises no challenge under our state constitution in this appeal.

TEX. CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp.1997); *Patterson v. State*, 841 S.W.2d 534, 534–35 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). The burden of proving that the amount of bail set is excessive rests on the defendant. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex.Crim.App. [Panel Op.] 1981). Thus, it was appropriate for Lane to take the stand and give testimony about his financial condition and his ability to make bail. It was also appropriate to give testimony concerning the safety of the victim should Lane be released on bail. Lane's testimony that he was merely present near the victim's home at a time before the robbery took place was relevant to this last inquiry, for if Lane did not participate in the commission of the offense it may well be argued that the victim will be in no danger because of Lane's release. Thus, the testimony elicited from Lane was both relevant and important to the success of his writ seeking a lower bond.

The fact that this testimony could be used in the subsequent trial does not persuade us that Gjetley's act of calling Lane to the stand was an error so serious that Gjetley was not functioning as the "counsel" guaranteed by the Sixth Amendment. At most, the testimony amounted to an admission of mere presence, and as such cannot act as corroboration of accomplice testimony. *Golden v. State*, 851 S.W.2d 291, 294 (Tex.Crim.App.1993); *Meyers v. State*, 626 S.W.2d 778, 780 (Tex. Crim.App. [Panel Op.] 1982). True, it could be introduced at trial against Lane, but Lane was the only source contained in the record for testimony that he was innocent of the offense and therefore the victim of the robbery, Doss, was in no danger from Lane's release on bail. The decision to put Lane on the stand in the writ hearing, even though his testimony could be admitted in the trial, could well be characterized as a tactical one, necessitated by Lane's desire to be released from jail.

■ Again, the performance inquiry of the *Strickland* test must be whether counsel's assistance was reasonable under the circumstances. *Patrick*, 906 S.W.2d at 495. A strategic choice made after less than thorough investigation is reasonable to the extent reasonable professional judgment supports the choice. *Id.* Weighing the pros and cons of the potential uses, both in the writ hearing and in the trial, of Lane's testimony, we cannot say that Lane has met his burden of showing that reasonable professional judgment does not support the choice. We do not find that Lane did not receive reasonably effective assistance of counsel at the writ hearing. Point of error number one is overruled.

Point of error number two is founded on the assertion that the introduction of Lane's prior testimony from the writ hearing was improper solely because he did not receive effective assistance of counsel at the hearing. Having resolved the premise to point of error number two adverse to Lane, in point of error number one, we find that the trial judge did not abuse his discretion in admitting the testimony. *Theus v. State*, 845 S.W.2d 874, 881 (Tex.Crim.App.1992). We therefore overrule point of error number two.

■ We will resolve point of error number three after discussion of the next point of error. In point of error number four, Lane urges that the denial of his specially requested charge, that the jury cannot consider Patricia R.'s uncorroborated testimony if they found her to be an accomplice as a matter of fact, was reversible error. Patricia R. was thirteen years old at the time of the commission of the offense. Since she was younger than fifteen years of age at the time of the commission of the offense she could not be prosecuted for the offense. TEX. PENAL CODE ANN. § 8.07(a) (Vernon Supp.1997). Since she was a juvenile under the age of fifteen and could not be prosecuted for the offense, she could not be an accomplice witness as a matter of fact or law. *Villarreal v. State*, 708 S.W.2d 845, 848 (Tex.Crim.App.1986). Since she could not be an accomplice, the trial judge properly refused to instruct the jury as requested.

Lane urges that the case law holding that a juvenile cannot be an accomplice is no longer applicable, because the legislature has increased the penalty for the commission of robbery by a juvenile to up to forty years in adult prison. TEX. FAM.CODE ANN. §§ 53.045(6), 54.04(d)(3) (Vernon 1996). The

rationale behind the court-created rule that a juvenile who cannot be prosecuted as an adult cannot be an accomplice was most thoroughly discussed by the Court of Criminal Appeals in *Villarreal*, 708 S.W.2d at 848–49. There the Court was faced with the argument that since the juvenile accomplice could have been tried for engaging in delinquent conduct and thus deprived of her liberty (until she was eighteen years of age). She should be treated the same way as an accomplice who could be deprived of his liberty under the penal code. In other words, the foundation of the court-created rule is confinement and deprivation of liberty, and thus if an accomplice could be confined, they should fall under the accomplice-witness rule. The Court of Criminal Appeals rejected that argument and stated that it was the fact that the accomplice could not be criminally responsible under the penal code that was the foundation of the court-created rule. *Id.* The Court traced the rule back to the 1960s in discussion of the reasoning behind the rule. *Id.* Clearly, the notion that a child cannot possibly be prosecuted under the penal code was the controlling factor in the various applications and misapplications of the rule through the years as penal code provisions came and went. *Id.* Deprivation of liberty was simply not a factor. *Id.* at 849. This conclusion is buttressed by a similar interpretation of the *Villarreal* case by our sister court in Amarillo. *Arrizola v. State*, 742 S.W.2d 469, 470 (Tex.App.—Amarillo 1987, no pet.).

We are therefore constrained to hold that the amendments to the family code increasing the penalty of incarceration to up to forty years' confinement in the Institutional Division of the Texas Department of Criminal Justice do not affect the case holdings that exclude from the accomplice-witness rule juveniles who cannot be prosecuted under the penal code. The trial judge was therefore not in error in refusing to give the requested charge. Point of error number four is overruled.

Finally, point of error number three is founded solely on the assertion that the evidence is insufficient without the admission of Lane's testimony from the writ hearing.

Having found that the prior testimony was properly admitted, and having found that Patricia R. was not an accomplice and therefore her testimony was corroborative of the accomplice-witness testimony, we overrule point of error number three. TEX.CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1979).

The judgment of the trial court is affirmed.